WILLIAM H. PIERCE v. DAVID LEMON.

There is nothing in the statute, Rev. Code 228, to forbid a party erecting a division wall on the boundary line between him and an adjoining lot-owner in the City of Wilmington, from constructing it with windows, or openings in it, although they may abridge or impair the convenient use, privacy, occupation and enjoyment of the messuage and premises of such adjoining owner.

The general principle of the common law on the subject is that no action lies for opening windows in party or boundary walls. The only remedy for the party who is thus incommoded, is by blinds, or some other erection on his own premises, to obstruct or exclude the view from such windows or openings, which the owner of them cannot prevent, unless they have acquired the privilege of ancient windows, or openings in such wall.

But if the roof, or cornice of any building so erected under the provisions of the statute, or if the water spout attached to it, is so constructed as to project beyond the line of such division wall and overhang, or overshadow any part of the close and premises of such adjoining owner, it will constitute an unlawful and wrongful encroachment upon the property of the latter, for which an action will lie.

THIS was an action on the case for consequential damages by William H. Pierce against David Lemon who were the owners of adjoining lots in the City of Wilmington, for erecting a party or division wall of a brick stable on the division line thereof in the rear of the plaintiff's messuage and premises, with an eve, or cornice and a water spout which projected over the division line and above the plaintiff's lot about two inches, and with three windows or openings in the wall, which commanded a complete view of the backyard and premises of the plaintiff, and thereby greatly impaired the convenient use and occupation, seclusion and enjoyment of the same by him and his family, contrary to the provisions of the statute in such case made and provided. *Rev. Code* 228. The windows, or openings in the wall complained of, were each about a foot or a foot and a half square, and were built in checker with the alternate bricks left out,

and which had rendered it necessary for the plaintiff to erect blinds opposite to them on his premises in order to exclude the view from them, at an expense of about thirty dollars. For the plaintiff it was proved that his family had been annoyed by persons looking through them into his close and premises, and for the defendant that the plaintiff was present and saw the division line accurately measured and ascertained before the erection of the wall upon it was commenced and was also frequently present during the progress of the work upon the building and until it was finished and made no objection to it.

*Patterson*, for the plaintiff, admitted that under the provisions of the statute referred to, the defendant had a right to erect the wall in question on the boundary or division line, and on either side of it, equally upon the adjoining lots of himself and the plaintiff; but that he had no right under the act in the erection of a mere division wall equally upon the plaintiff's and his own property, to construct it with any openings or apertures in it. Had he, however, built it entirely upon his own land, and not in part upon that of the plaintiff, he might, he would admit, have so constructed it, and his right to do so, could not have been questioned. But if he was mistaken in this impression which he had of the matter and the relative rights of the parties in regard to it under the statute, the defendant certainly had no right after erecting the boundary wall under the provisions of it, with such apertures in it, one-half of it at least, on the lands of the plaintiff, to further encroach upon the premises of the latter, and was, at least, liable to him in damages for the construction of the roof afterward with the projection of the eve or cornice and the water spout beyond the outer line of the wall, so as to overhang and overshadow his premises several inches further.

*Gordon*, for the defendant: If the defendant had a right under the statute, as he certainly had, to construct

a party wall on the boundary line, and equally upon the lots on either side of it, he had also the right to construct it with, or without windows or apertures in it, at his will and pleasure, and any inconvenience or annoyance to which the plaintiff might be subjected by reason of them, would be such as the law could neither recognize nor redress. As to the other matter referred to, if it was such a projection as was alleged and complained of by the plaintiff, it was so trivial and insignificant practically, that it could hardly constitute a ground for even constructive, much less actual damage to the plaintiff.

*Patterson*, replied.

*The Court*, *Gilpin*, *C. J.*, charged the jury : The object of the statute referred to, was to provide for the appointment of surveyors and regulators in the City of Wilmington, to set out the foundations, prescribing their depth and thickness, and to regulate the walls, their breadth, or thickness according to the height and dimensions of the buildings to be erected against them, and the uses to which they were to be devoted, between persons owning adjoining lots, and that the foundation of the walls in such cases, should be laid equally on the lands of the adjoining owners, the person building to be reimbursed one-half of the expense of such party wall, or so much thereof as the adjoining lot owner should have occasion to make use of in any building by him afterward erected adjoining it, before using the same, the expense and value of which, was also to be determined and fixed by the regulators provided for in the act. In the present case, the party or division wall in question was erected in accordance with the provisions of the act, and was to be built of the width of nine inches, four inches and a half on either side of the division line and equally upon the adjoining lots of the plaintiff and defendant, and the complaint was, not that that regulation was violated, but that the defendant in erecting such party or division wall,

66

wrongfully constructed it with certain openings or apertures in it, which had been described, and thereby abridged, or impaired the convenient use, privacy, occupation and enjoyment by the plaintiff of his messuage and premises adjoining it on the rear, and especially of his backyard, because, as he had contended, the defendant had no right to build the wall with such openings in it. But the court could discover nothing either in the language, or the design of the statute, and knew of no rule of statutory construction, or interpretation, which would deny to a party building a division wall under the provisions of it, the right or authority so to construct it, and they therefore considered that the construction of the wall in that manner by the defendant constituted no infringement, or abridgement of the plaintiff's rights of property as the owner and occupant of the adjoining messuage and premises, for which the law could afford him any remedy, or redress under the circumstances. The general principle of the common law on that subject was that no action lies for opening windows in party or boundary walls, though the privacy of the adjoining premises is thereby destroyed. 1 *Saund. Pl. & Ev.* 117. *Moore v. Rawson,* 3 *Barn. & Cress.* 340. *Chandler v. Thompson,* 3 *Camp.* 80. The only remedy for the owner of the adjoining premises who was thus incommoded by the windows in such cases, was that adopted by the plaintiff in this case, and that was by means of blinds or some other erection on his own premises, to obstruct or exclude the view from such windows, or openings, and that the owner of them could not prevent, unless they had acquired the privilege of ancient windows. *Ibd.* And as the wall and openings complained of in this case, had only been erected and constructed according to the evidence, a year or two since, the defendant, of course, could lay no claim to such a privilege.

As to the other ground of complaint and damage alleged by the plaintiff, it the jury believed upon the evidence they had heard that any part of the roof or cornice

of the stable erected by the defendant, or of the water spout attached to it, was so constructed by him as to project beyond the division wall on the plaintiff's side, and overhung or overshadowed any part of his close and premises beyond the wall, it would constitute an unlawful and wrongful encroachment upon his property and an injury to his possession of it and his legal rights and title to it, for which he would be entitled to recover damages equivalent to the wrong and injury thereby done him in the premises.